IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLINE VEMULAPALLI, | ) |
| Plaintiff, | ) Case No.: 4:20-cv-120 |
| v. | ) Removed from St. Louis City Circuit Court<br>) Case No.: 1922-CC12285 |
| TARGET CORPORATION, | ) **JURY TRIAL REQUESTED** |
| Defendant. | ) |

## MOTION TO DISMISS

COMES NOW Defendant, TARGET CORPORATION, by and through its attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for its Motion to Dismiss Count III of Plaintiff's Petition for Damages, states as follows:

1. Count III is entitled *res ipsa loquitor*.

2. The elements of the claim for *res ipsa loquitor* have not been properly pled in Count III.

3. Ordinarily, negligence cannot be inferred from the mere fact of an injury. Permitting recovery which would be based on injury alone without evidence that specific conduct was unreasonable would discourage profitable activity. Therefore, under Missouri law, plaintiffs are required to prove a specific act of negligence in order to recover damages. See Semler v. Kansas City Public Service Company, 196 S.W.2d 197, 199 (Mo. 1946). However, an exception exists which is premised on the doctrine of probabilities. See Frasier v. Ford Motor Company, 276 S.W. 2d 95, 98 (Mo. banc 1955).

4. *Res ipsa loquitor* owes its efficacy to the probability that acts flow from their usual and natural causes, and produce their usual and natural results, and are, therefore, evidence of the existence of such cause or result. Meyers v. City of Independence, 189 S.W. 816, 822 (Mo. 196). *Res ipsa loquitor* allows the jury to infer negligence from the circumstances of the accident. It does not shift the burden of proof. See McCloskey v. Koplar, 46 S.W. 2d 557, 561 (Mo. banc 1932).

5. *Res ipsa loquitor* consists of three primary elements. See Bass v. Nooney Company, 646 S.W.2d 765, 768 (Mo. banc 1983). *Res ipsa loquitor* applies when, based on common knowledge, the occurrence resulting in injuries is ordinarily caused by negligence; the Defendant has superior knowledge or access to information about the cause of the occurrence, and the Defendant controlled the instrumentalities involved. See Bass, 646 S.W.2d at 768.

6. Count III of the Plaintiff's Petition does not properly set forth the elements for a claim of *res ipsa loquitor*. It does not suggest that Target was in exclusive control of the sign, because it was not. Paragraph 28 alleges that Target had superior knowledge as to the causes of the condition. It did or does not. This is a case where Plaintiff knocked a sign onto her foot. Whether Target was negligent in leaving the sign out, is a question of ordinary negligence. It is not a *res ipsa loquitor* claim.

8. Count III fails to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court enter an Order dismissing Count III of Plaintiff's Petition for Damages and for such further and other relief as this Court deems just and proper.

Respectfully submitted,

**TARGET CORPORATION**

By:    /s/Beth C. Boggs
Beth C. Boggs, #43089
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Defendant**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the U.S. District Court, Eastern District of Missouri, by using the Court's CM/ECF Electronic Filing System this 25th day of January, 2020, with an electronic copy to be served upon the following:

Matthew Ndonwi, #70273
NDONWI LAW LLC
4021 Laclede Ave., #56578
St. Louis, MO 63156
(314) 762-0110 – Telephone
mndonwi@ndonwilaw.com
**Attorney for Plaintiff**

*/s/ Patricia A. Hoerth*