Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

**1922-CC12285**

## IN THE CIRCUIT COURT OF SAINT LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| CAROLINE VEMULAPALLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Division: |
| TARGET CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: Target Corporation | ) | |
| C/o CT Corporation System | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO 63105 | ) | |

**Jury Trial Demanded**

### PETITION FOR DAMAGES

COMES NOW, Plaintiff, CAROLINE VEMULAPALLI by and through her attorney, NDONWI LAW LLC, and for her Petition for Damages against Defendant, TARGET CORPORATION states and alleges the following in the alternative pursuant to Missouri Supreme Court Rule 55.10 to-wit:

### INTRODUCTION AND GENERAL ALLEGATIONS

This is an action to seek redress for injuries, damages and losses suffered by Plaintiff as the result of a dangerous condition created by Defendant when defendant placed a heavy advertisement on a merchandise box without securing it, when said sign was designed to be secured when in use.

1

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

## JURISDICTION AND VENUE

Jurisdiction and venue are proper in the Circuit Court of the City of Saint Louis. The acts and omissions of Defendant and Defendant's employees and officers or agents acting within the course and scope of their agency complained of in this action occurred in this State and County and by virtue of their ownership of property in this State and County.

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff, Caroline Vemulapalli ("Caroline") is a resident of City of Saint Louis, County of Saint Louis City, Missouri.

2. Defendant, Target Corporation ("Target") is a foreign corporation which conducts regular business at 4255 Hampton Ave, St. Louis, MO 63109 ("Hampton Target").

## FACTS COMMON TO ALL COUNTS

3. On October 08, 2019, at approximately 12:00 PM Caroline went to Hampton Target as an invitee.

4. While Caroline was in the store, she approached a merchandise box placed on the floor of a passage way between two display shelves.

5. On the merchandise box was placed a heavy advertisement sign which unbeknownst to Caroline was not secured or tethered to anything.

6. Said sign was indeed designed to be secured or tethered upon display, and not for placement on merchandise boxes.

7. As Caroline examined the box contents, the sign slid off the box and crushed her foot.

2

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

## COUNT I - PREMISES LIABILITY

8.      Caroline restates the allegations contained in paragraphs 1 through 7 above as if fully set forth herein.

9.      At all times relevant, Target owned, possessed, maintained and controlled or otherwise exercised control over Hampton Target, where the incident alleged herein occurred.

10.     At all times relevant, Target owed certain duties to the general public, its invitees, and in particular to Caroline, to keep and maintain its premises in a reasonably safe condition, and to avoid and eliminate the existence of known or reasonably anticipated hazards.

11.     Target breached these duties, and in effect created a hazard in the following ways:

a)  Negligent placement of merchandise on walk ways between display shelves;

b)  Negligent placement of signs on merchandise;

c)  Negligent failure to inspect the effective placement of merchandise in the walk ways of the premises;

d)  Negligent failure to ensure that advertisement signs were at all times posted correctly to make sure that they do not pose as a hazard or cause injuries to invitees shopping at the premises;

e)  Negligent failure to warn or otherwise caution invitees as to the defective condition by failing to place warning signs that the advertisement sign on the box was not being used in the manner it was designed to be used, or otherwise was not secured upon display;

f)  Negligent failure to respond to and/or act to eliminate the defective and hazardous condition, having active and/or constructive knowledge of the defective and/or hazardous condition;

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

g)   Negligent failure to supervise the placement of items in the passage ways of
the premises to ensure that its condition was safe for use by its invitees and
the public;

h)   Negligent failure to regularly inspect the premises for dangerous and
hazardous conditions, including but not limited to placement of merchandise
and loose signs thereupon on passage ways in the premises;

i)   Negligent failure to properly train, supervise, manage, and/or instruct its
employees, agents and representatives to inspect and correct defective
conditions on the premises;

j)   Negligent failure to create, implement/or enforce policies and procedures to
ensure the proper and safe use of advertisement signs;

k)   Creating a dangerous and hazardous condition on the premises or contributing
to the creation of a dangerous and hazardous condition on the premises; and

l)   Other breaches and acts of negligence learned through the course of
discovery.

12.     The defective condition on Target's premises was not known to Caroline, and did
not constitute an open and obvious condition because Caroline could not see upon casual
inspection that the sign was not secured to the box as she examined the box.

13.     As a direct and proximate result of Target's breach of the above duties, Caroline
suffered painful severe, permanent physical and emotional injuries, including but not limited to:

a.   Injuries to her foot, toe and nail;

b.   Physical pain and suffering;

c.   Mental anguish;

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

    d.   Fright and shock;

    e.   Denial of social pleasure and enjoyment;

    f.   Embarrassment, humiliation and/or mortification;

    g.   Past and future medical treatment expenses and/or wage loss;

    h.   Disability relating to the above injuries; and

    i.   All other damages learned through the course of discovery.

14.    As a direct and proximate result of Target's aforementioned negligence, Caroline has been required to undergo reasonable and necessary medical and therapeutic care and is likely to undergo additional care and treatment in the future.

WHEREFORE, Caroline Vemulapalli respectfully requests judgment and damages in her favor in count I of her petition against Target Corporation in an amount in excess of $75,000, exclusive of costs, interest and attorney fees so wrongfully incurred.

### COUNT II - NEGLIGENCE/GROSS NEGLIGENCE

15.    Caroline restates the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16.    At all times relevant, Target owned, possessed, maintained and controlled or otherwise exercised control over Hampton Target, where the incident alleged herein occurred.

17.    At all times relevant, Target owed certain duties to the general public, its invitees, and in particular to Caroline, to keep and maintain its premises in a reasonably safe condition, and to avoid and eliminate the existence of known or reasonably anticipated hazards.

18.    Target breached these duties, and in effect created a hazard in the following ways:

    a)   Negligent placement of merchandise on walk ways between display shelves;

    b)   Negligent placement of signs on merchandise;

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

c) Negligent failure to inspect the effective placement of merchandise in the walk ways of the premises;

d) Negligent failure to ensure that advertisement signs were at all times posted correctly to make sure that they do not pose as a hazard or cause injuries to invitees shopping at the premises;

e) Negligent failure to warn or otherwise caution invitees as to the defective condition by failing to place warning signs that the advertisement sign on the box was not being used in the manner it was designed to be used, or otherwise was not secured upon display;

f) Negligent failure to respond to and/or act to eliminate the defective and hazardous condition, having active and/or constructive knowledge of the defective and/or hazardous condition;

g) Negligent failure to supervise the placement of items in the passage ways of the premises to ensure that its condition was safe for use by its invitees and the public;

h) Negligent failure to regularly inspect the premises for dangerous and hazardous conditions, including but not limited to placement of merchandise and loose signs thereupon on passage ways in the premises;

i) Negligent failure to properly train, supervise, manage, and/or instruct its employees, agents and representatives to inspect and correct defective conditions on the premises

j) Negligent failure to create, implement/or enforce policies and procedures to ensure the proper and safe use of advertisement signs;

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

k)  Creating a dangerous and hazardous condition on the premises or contributing to the creation of a dangerous and hazardous condition on the premises; and

l)  Other breaches and acts of negligence learned through the course of discovery.

19.     The defective condition on target's premises was not known to Caroline, and did not constitute an open and obvious condition because Caroline could not see upon casual inspection that the sign was not secured to the box as she examined the box.

20.     As a direct and proximate result of target's breach of the above duties, Caroline suffered painful severe permanent physical and emotional injuries, including but not limited to:

a)  Injuries to her foot, toe and nail

b)  Physical pain and suffering;

c)  Mental anguish;

d)  Fright and shock;

e)  Denial of social pleasure and enjoyment;

f)  Embarrassment, humiliation and/or mortification;

g)  Past and future medical treatment expenses and/or wage loss;

h)  Disability relating to the above injuries; and

i)  All other damages learned through the course of discovery.

21.     As a direct and proximate result of Target's aforementioned negligence, Caroline has been required to undergo reasonable and necessary medical and therapeutic care and is likely to undergo additional care and treatment in the future.

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

WHEREFORE, Caroline Vemulapalli respectfully requests judgment and damages in her favor in count II of her petition against Target Corporation in an amount in excess of $75,000, exclusive of costs, interest and attorney fees so wrongfully incurred.

## COUNT III - RES IPSA LOQUITUR

22.     Caroline restates the allegations contained in paragraphs 1 through 20 above as if fully set forth herein.

23.     In the alternative to count II, Target was negligent under the principle of Res Ipsa Loquitur in that Caroline was damaged as a result of an improperly placed sign on a merchandise box in Hampton Target.

24.     At all times relevant, Target owned, possessed, maintained and controlled or otherwise exercised possession and control over the sign that caused Caroline's incident.

25.     At all times relevant, Target owed certain duties to the general public, its invitees, and in particular to Caroline, to keep and maintain its premises in a reasonably safe manner.

26.     The acts and omissions which led to Caroline's damages are attributable to but are not limited to:

     a) Negligent placement of merchandise on walk ways between display shelves;

     b) Negligent placement of signs on merchandise;

     c) Negligent failure to inspect the effective placement of merchandise in the walk ways of the premises;

     d) Negligent failure to ensure that advertisement signs were at all times posted correctly to make sure that they do not pose as a hazard or cause injuries to invitees shopping at the premises;

8

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

e)  Negligent failure to warn or otherwise caution invitees as to the defective condition by failing to place warning signs that the advertisement sign on the box was not being used in the manner it was designed to be used, or otherwise was not secured upon display;

f)  Negligent failure to respond to and/or act to eliminate the defective and hazardous condition, having active and/or constructive knowledge of the defective and/or hazardous condition;

g)  Negligent failure to supervise the placement of items in the passage ways of the premises to ensure that its condition was safe for use by its invitees and the public;

h)  Negligent failure to regularly inspect the premises for dangerous and hazardous conditions, including but not limited to placement of merchandise and loose signs thereupon on passage ways in the premises;

i)  Negligent failure to properly train, supervise, manage, and/or instruct its employees, agents and representatives to inspect and correct defective conditions on the premises;

j)  Negligent failure to create, implement/or enforce policies and procedures to ensure the proper and safe use of advertisement signs;

k)  Creating a dangerous and hazardous condition on the premises or contributing to the creation of a dangerous and hazardous condition on the premises; and

l)  Other breaches and acts of negligence learned through the course of discovery.

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

27.     The acts or omissions were caused by instrumentalities under the control of Target; and

28.     Target had superior knowledge or means of information as to the causes of the conditions described herein.

29.     As a direct and proximate result of Target's failure to correct the defective condition, Caroline suffered severe, permanent, painful and disabling injuries, including but not limited to:

        a)   Injuries to her foot, toe and nail;

        b)   Physical pain and suffering;

        c)   Mental anguish;

        d)   Fright and shock;

        e)   Denial of social pleasure and enjoyment;

        f)   Embarrassment, humiliation and/or mortification;

        g)   Past and future medical treatment expenses and/or wage loss;

        h)   Disability relating to the above injuries; and

        i)   All other damages learned through the course of discovery.

30.     As a direct and proximate result of Target's aforementioned negligence, Caroline has been required to undergo reasonable and necessary medical and therapeutic care and is likely to undergo additional care and treatment in the future.

WHEREFORE, Caroline Vemulapalli respectfully requests judgment and damages in her favor in Count III of her Petition against Target Corporation in an amount in excess of $75,000, exclusive of costs, interest and attorney fees so wrongfully incurred.

Electronically Filed - City of St. Louis - December 19, 2019 - 12:08 PM

Respectfully submitted,

**NDONWI LAW LLC,**

By:     */s/     Matthew Ndonwi*
**MATTHEW NDONWI (70273)**
NDONWI LAW LLC
Attorney for Plaintiff
4021 Laclede Ave #56578
Saint Louis, MO 63156
(314) 762-0110
mndonwi@ndonwilaw.com

Dated: December 19, 2019