**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CAROLINE VEMULAPALLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-120-SPM |
| ) | |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike from the Record Defendant's Supplemental Rule 26(a)(2) Expert Witness Disclosure (Doc. 56) and Defendant's Motion for Leave to File Surresponse to Plaintiff's reply to the motion to strike (Doc. 79).

**I.      FACTUAL BACKGROUND**

This case arises from an incident in which Plaintiff was shopping in a Target store when a sign holder slid off of a box and hit her foot, injuring her. Plaintiff asserts one count of premises liability and one count of negligence. Pursuant to the Second Amended Case Management Order, the deadline for Defendant to disclose all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) was February 1, 2021. The deadline for Plaintiff to disclose rebuttal expert witnesses and reports was March 15, 2021. The discovery completion deadline was March 31, 2021. The Second Amended Case Management Order requires that all discovery motions be filed no later than ten days after the response is made or due.

On October 23, 2020, Defendant submitted to Plaintiff a Supplemental Rule 26(a)(2) Expert Witness Disclosure, stating that Defendant would call Dr. Mahesh Bagwe, an orthopedic surgeon, to testify about the causation, extent, and permanency of Plaintiff's alleged injuries;

Plaintiff's prior medical condition and overall health; and the reasonableness and necessity of Plaintiff's medical treatment.. Def.'s Ex. A, Doc. 58-1. Defendant attached Dr. Bagwe's five-page Independent Medical Evaluation, in which Dr. Bagwe stated, *inter alia*, that radiographs of Plaintiff's foot were reviewed and they showed no signs of acute fracture, dislocation, or subluxation; and that Plaintiff's continued complaints were not consistent with a small laceration at the tip of the toe sustained on the date of the injury giving rise to this case, but were more consistent with hallux rigidus, which is a naturally occurring arthritic condition of the first MTP joints. *Id.* at 4-9. Plaintiff deposed Dr. Bagwe and incurred $4,284.75 in witness fees and costs for the deposition. Pl.'s Ex. 3, Doc. 56, at 28-30.

On February 1, 2021, Defendant submitted to Plaintiff another Supplemental Rule 26(a)(2) Expert Witness Disclosure, stating that Defendant would call Dr. Catherine Beal, M.D., a radiologist, to testify regarding matters similar to those described in the disclosure for Dr. Bagwe. Def.'s Ex. B, Doc. 52, at 1. Additionally, Defendant stated that Dr. Beal was specifically expected to testify that there is no radiographic evidence of a stress fracture in Plaintiff's toe or foot. *Id.* In her one-page report, Dr. Beal states that her opinions are based on October 8, 2019 X-rays of Plaintiff's right foot, November 8, 2019 X-rays of Plaintiff's right foot, October 6, 2020 pictures of X-ray of Plaintiff's right forefoot, and an August 10, 2020 MRI of Plaintiff's right forefoot without contrast. The report states, "The images demonstrate minor spurring of the first metatarsal with minimal bursitis. There is no evidence of a stress fracture or acute fracture." *Id.* at 8. Defendants also included a curriculum vitae, fee schedule, and list of prior cases in which Dr. Beal has given depositions or trial testimony. *Id.* at 4-9.

Plaintiff has disclosed eight expert witnesses, including one physical therapist, two nurse practitioners, two podiatrists, two radiologists, and an orthopedic surgeon. Def.'s Resp., Doc. 58,

at 2, 3-4. Only the orthopedic surgeon is a retained expert. Pl.'s Reply, Doc. 60, at 2. Three of Plaintiff's experts (podiatrists Margaret Shields and Shirley Visser, and radiologist Mikhayel Madi) have testified that different experts can read the same X-rays differently; two of Plaintiff's experts (podiatrists Margaret Shields and Shirley Visser) have diagnosed a stress fracture of Plaintiff's right hallux; and two of Plaintiff's other experts (Mariam Malik and Mikhayel Madi) did not detect a stress fracture.[1] Def.'s Resp., Doc. 58, at 2-4, at ; Pl.'s Reply, Doc. 60, at 2. Dr. Shirley Visser also testified, *inter alia*, that, as a podiatrist, she sees more foot X-rays on a daily basis than does a general radiologist, and that a person who is less accustomed to seeing small, subtle things on an X-ray of a particular area of the body would be more likely to miss something. Def.'s Ex. C, Dep. of Shirley Visser 72:7-17, 73:7-19.

## II. LEGAL STANDARDS

Rule 26(a)(2) requires parties to make pretrial disclosure, without a formal discovery request, of the identity of any person who may provide expert testimony at trial. If the expert witness is one "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a signed, written report containing:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence

---

[1] Plaintiff argues that these experts did not detect a stress fracture due to the time when the images they reviewed were taken.

that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

### III. DISCUSSION

On February 15, 2021, Plaintiff filed a motion to strike from the record Defendant's supplemental Rule 26(a)(2) expert witness disclosure, stating:

> The instant disclosure of Dr. Beal by Defendant is deliberate, made in bad faith, and constitutes abuse of process, given that 1) The Dr. Beal disclosure tracks that of Dr. Bagwe verbatim; 2) Dr. Beal's expert report is barely three sentences long on a page that does not reflect the requisite rule 26 expert opinion report; 3) Dr. Beal's sole, and one-sentence opinion reads, "There is no evidence of a stress fracture or acute fracture.", is purported to be based on exactly the same x-rays and MRI imaging and reports that were available to, and used by Dr. Bagwe for his report, and simply repeats Dr. Bagwe's opinion; 4) Dr. Beal will charge $600/h for her deposition.
> This type of gamesmanship perpetrated by Defendant appears intended to overwhelm Plaintiff with litigation costs, especially after seeing Plaintiff incur $4,284.75 in witness fees and costs for Dr. Bagwe's deposition alone.

Pl.'s Mot., Doc. 56, at 3. Plaintiff also argues that permitting disclosure of Dr. Beal would be extremely unfair and prejudicial to Plaintiff in that it would force Plaintiff to depose Dr. Beal to generate cumulative evidence, would unnecessarily escalate litigation expenses, will confuse the issues, will unnecessarily protract this litigation, will waste resources, and will wrongfully arouse in the jury a false impression that a merits opinion may have merit simply because it is offered by two different experts.

In its response, Defendant argues that Plaintiff's motion should be denied because it was filed out of time. Defendant also argues that the motion should be denied because Dr. Beal's report complies with Rule 26; because Dr. Beal is a radiologist (and thus has different expertise than does Dr. Bagwe); and because Dr. Beal can rebut opinions elicited by Plaintiff's experts regarding the competencies of the various experts to read X-rays. Defendant also points out that Plaintiff has herself disclosed eight experts, including experts who have offered essentially the same opinions as one another. In her reply, Plaintiff argues that there was good cause for the filing of the motion

four days late, noting that Defendant's disclosure was made when Plaintiff's counsel was bereaved and engaging in travel out of state for a funeral.

The Court will not deny Plaintiff's motion as untimely. Although the motion was filed four days late under the Court's Case Management Order, Plaintiff has shown good cause for the late filing, which was short and did not prejudice Defendants.

Plaintiff's failure to follow another procedural requirement, however, *does* warrant denial of this motion. Rule 3.04(A) of the Local Rules for the United States District Court for the Eastern District of Missouri provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A). The instant motion is certainly one relating to discovery and disclosure, yet Plaintiff has made no attempt to comply with this rule. This alone provides a basis for denying the motion.

Even assuming, *arguendo*, that Plaintiff had complied with Rule 3.04(A), the Court would deny the motion, because it is without merit. The only argument in Plaintiff's motion that is based on any legal authority is Plaintiff's suggestion that Dr. Beal's opinion "does not reflect the requisite rule 26 expert opinion report." Plaintiff does not specify which of the requirements of Rule 26(a)(2)(B) are not satisfied by the disclosure of Dr. Beal. For the reasons stated in Defendant's response, the Court finds that those requirements are satisfied. Although the report is brief, it states the opinions Dr. Beal intends to express (that Plaintiff's imaging shows "minor spurring of the first metatarsal with minimal bursitis" and "no evidence of a stress fracture or acute

fracture"),[2] the facts and exhibits she considered in forming the opinions (the specific X-rays and imaging of Plaintiff), a curriculum vitae summarizing her qualifications, a statement that she has had no publications in the last ten years, a list of cases in which she has testified in the last four years, and a fee schedule.

Plaintiff's remaining arguments are completely unsupported by any rule, case law, or other authority, and are at odds with the facts of this case. Plaintiff does not cite, and the Court has not found, any rule or authority that would permit the Court to strike a timely-filed expert report on the basis that it involves assertion of the same opinion as a previous expert, or that it would impose deposition costs on an opposing party. Moreover, Plaintiff's suggestion that Defendants were acting in bad faith gamesmanship or deliberately escalating litigation costs by disclosing Dr. Beal as a second expert is not supported by the facts of this case. As Defendant points out, Dr. Beal is a radiologist who has different expertise than Dr. Bagwe, and her interpretation of Plaintiff's X-rays is relevant to the disputed issue of the nature and extent of Plaintiff's foot injury. Moreover, as Defendant also points out, Plaintiff's suggestion that Defendant's disclosure of a second witness is somehow improper is undermined by the fact that Plaintiff herself has disclosed eight expert witnesses, including experts who have offered similar opinions. Although Plaintiff points out that most of her witnesses are non-retained experts, Plaintiff does not explain why that matters to the Court's analysis. For obvious reasons, Defendant has no treating physicians and must rely on retained experts for expert testimony.

Finally, the Court will deny Defendant's motion for leave to file a surresponse; even if Plaintiff presented new arguments in its reply, those arguments were not relevant to the Court's

---

[2] The Court assumes, for purposes of this motion, that Dr. Beal does not intend to testify to opinions beyond those listed. To the extent that she intends to offer other opinions, the disclosure may not be sufficient. However, that issue is not currently before the Court.

ruling on this motion, and the sur-response is not necessary.

### IV. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion Plaintiff's Motion to Strike from the Record Defendant's Supplemental Rule 26(a)(2) Expert Witness Disclosure (Doc. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Surresponse to Plaintiff's reply to the motion to strike (Doc. 79) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2021.