**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLINE VEMULAPALLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-120-SPM |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on three motions filed in advance of the jury trial in this case, set to begin February 22, 2022: (1) Defendant's Motion for an Adverse Inference Instruction (Doc. 157); (2) Defendant's Motion to Amend Exhibit List (Doc. 155); and (3) Defendant's Motion in Limine No. 19 (Doc. 115), in which Defendant asks the Court to exclude documents Plaintiff obtained in discovery that are related to Target's policies and procedures. The Court heard argument on the motions, on the record, at the final pretrial conference held on February 18, 2022. The Court also gave both parties the opportunity to submit additional authority. For the reasons stated below, all three motions will be denied.

**A. Defendant's Motion for an Adverse Inference Instruction (Doc. 157)**

In her initial disclosures, Plaintiff disclosed her treating health care providers as non-retained experts; these included Vicki J. Carll, a nurse practitioner, and Mariam A. Malik, M.D. Plaintiff does not intend to call either witness at trial. On the record, at the pretrial conference, Defendant's counsel stated that Defendant had deposed both witnesses and that Defendant intends to call both Ms. Carle and Dr. Malik at trial.

1

In Defendant's Motion for an Adverse Inference Instruction, Defendant requests that the Court instruct the jury to draw an adverse inference from Plaintiff's failure to call Ms. Carll and Dr. Malik to testify. Defendant has submitted to the Court the following proposed instruction: "In determining the total amount of Plaintiff's damages, you may infer that Plaintiff's failure to call any of her own witnesses raises a presumption that their testimony would be unfavorable to Plaintiff." Plaintiff has not filed a brief in opposition to the motion, but Plaintiff indicated at the pretrial conference that she opposed it.

Under Missouri law, "Failing to a call a witness who has knowledge of vital facts generally raises a presumption that the testimony would be unfavorable to the party failing to offer the testimony." *Adams v. Kiser*, 971 S.W.2d 331, 332-33 (Mo. Ct. App. 1998) (citing *Kelly v. Jackson*, 798 S.W.2d 699, 701 (Mo. 1990)). However, "Allowing reference in argument to a party's failure to produce a witness is reversible error if the witness is 'equally available' to both parties. *Id. See also Brummett v. Burberry Ltd.*, 597 S.W.3d 295, 311 (Mo. Ct. App. 2019) ("It is reversible error for a trial court 'to allow reference in closing argument to a party's failure to produce a witness equally available to both parties.'") (quoting *Campise v. Borcherding*, 224 S.W.3d 91, 94 (Mo. Ct. App. 2007)).

Defendant argues that Ms. Carll and Dr. Malik are not equally available to Defendant because they were Plaintiff's treaters. "There is a presumption that a party's treating physician in a personal injury action is more available to that party, and not 'equally available,' thus allowing the opposing party to comment on the failure of the physician to be called as a witness." *Adams*, 971 S.W.2d at 333 (quoting *Leehy v. Supreme Express & Transfer Co.,* 646 S.W.2d 786, 790-91 n. 4 (Mo. 1983)) "However, in 'a proper case this presumption may be held inapplicable by reason of the circumstances shown in evidence.'" *Id.* (qutoing *Hill v. Boles,* 583 S.W.2d 141, 146 (Mo.

1979)). "[T]he factors considered in determining the 'equal availability' of a witness include: (1) one party's superior means of knowledge of the existence and identity of the witness; (2) the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case; and (3) the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other." *Brummett,* 597 S.W.3d at 311 (quoting *Campise*, 224 S.W.3d at 94).

Applying this three-factor test,[1] the Court finds that the presumption is inapplicable and that these witnesses are equally available to both parties. The first factor weighs very heavily in favor of a finding of equal availability, because Plaintiff disclosed these witnesses long ago in its initial disclosures, because Defendant has been able to depose them, and because Defendant is apparently planning to call them at trial and has not asserted any problems with its ability to do so. With regard to the second factor, it is unclear what the nature of the witnesses' testimony will be, so that factor is neutral. The third factor weighs somewhat against a finding of equally availability, because it may be natural that a party's treating physician would favor that party's position. After consideration of all of these factors in light of the circumstances of this case, the Court finds Ms. Carll and Dr. Malik are equally available to Defendant.

Moreover, although the Court has not found any cases in which a party sought an adverse inference with respect to a witness it was actually calling at trial, a Missouri Court has noted that "a party may not have the advantage of an adverse inference while benefiting by reading favorable portions of the witness' deposition to the jury." *Kelly by Kelly v. Jackson*, 798 S.W.2d 699, 702 (Mo. 1990). It would be even less appropriate to allow Defendant to have the advantage of an

---

[1] The three-factor test is not cited by either party.

3

adverse inference from Plaintiff's failure to call a witness when Defendant has the benefit of that witness's live testimony.

Finally, the Court finds that it would be nonsensical and confusing to instruct the jury to presume that "testimony [from a particular witness] would be unfavorable to Plaintiff" when the jury has heard actual testimony from that witness. There is no need to invite jurors to speculate about what a witness's testimony would have been when the jurors can hear the testimony and make that judgment for themselves.

For all of the above reasons, Defendant's Motion for an Adverse Inference Instruction will be denied. The Court will not give the requested adverse inference instruction. Additionally, as addressed in the cases above, Defendant will not be permitted to comment on Plaintiff's failure to call these witnesses, as that would constitute reversible error.

### B. Defendant's Motion to Amend Exhibit List (Doc. 155)

In its Motion to Amend Exhibit List, Defendant requests leave to amend its Exhibit List to add Plaintiff's disclosure of non-retained experts, attached as an exhibit to the motion. Defendant states that it wishes to inform the jury that Plaintiff disclosed the missing witnesses as experts. The motion does not state why Defendant wants to so inform the jury, but from the hearing on this motion on the record, it appears that Defendant wants to use this evidence to support is argument that the jury should presume that Plaintiff did not call these witnesses because their testimony would have been unfavorable to Plaintiff. Plaintiff opposes the motion, arguing that it would be error to reference a party's failure to produce a witness when that witness is equally available to both parties; that the evidence is irrelevant; and that it would be more prejudicial than probative.

4

For the reasons as discussed above with respect to Defendant's motion for adverse inference, this motion will be denied. Defendant may not comment on Plaintiff's failure to call these witnesses. If Defendant has some other reason for introducing this evidence, Defendant may make an appropriate motion before or during the trial.

### C. Defendant's Motion in Limine No. 19 (Doc. 115)

In Defendant's Motion in Limine No. 19, Defendant asks the Court to exclude documents Plaintiff obtained in discovery that are related to Defendant's policies and procedures. Defendant argues that these documents are not relevant to Plaintiff's claim and should be excluded, because the law of the State of Missouri, and not Target, sets the standard for negligence. Defendant argues that a violation of store policy does not constitute negligence, that Defendant's store policies and procedures are irrelevant to the standard for liability, and that the probative value of this evidence would be outweighed by the undue prejudice to Defendant.

Defendant cites two cases in support of its argument. *See Pierce v. Platte-Clay Elec. Co-Op, Inc.,* 769 S.W.2d 769, 772 (Mo. 1989) ("The duty of care is an objective standard determined by what an ordinary careful and prudent person would have done under the same or similar circumstances. Industry customs or standards do not establish a legal standard of care."); *Rodrick v. Walmart Stores East, LP*, 07-0768-CV-W-REL, 2010 WL 11509266, at *1 (W.D. Mo. May 20, 2010) ("The duty of care is an objective standard determined by what an ordinary careful and prudent person would have done under the same or similar circumstances. . . . A custom or standard of care relied upon by the defendant does not establish the legal standard of care."). Plaintiff, on the other hand, argues that evidence of Defendant's policies and procedures for sign placement are highly probative evidence of Defendant's knowledge that improper sign placement can, and in this case did, create a dangerous condition in Defendant's store. Plaintiff also argues that Defendant's

sign placement policies and procedures are highly probative evidence for establishing the full context under which Defendant's employees where operating and will allow the jury to adequately assess the reasonableness of Defendant and its employees' actions under those circumstances.

   The Court finds the evidence at issue to be admissible and will deny Defendant's motion. Defendant is correct that the standard of care is established by law and not by industry custom or by Defendant's own policies and procedures. However, that does not mean that such evidence is irrelevant or inadmissible. To the contrary, the very cases on which Defendant relies state that it *is* generally admissible. *See Rodrick*, 2010 WL 11509266, at *1 ("In Missouri, evidence of industry custom or standard procedure is admissible proof in a negligence case."); *Pierce*, 69 S.W.2d at 772 ("Evidence of industry custom or standard is admissible proof in a negligence case."). For the reasons stated in Plaintiff's motion, this evidence is relevant, and Defendant offers no persuasive argument for why this evidence should not be admitted.

   For all of the above reasons,

   **IT IS HEREBY ORDERED** that Defendant's Motion for an Adverse Inference Instruction (Doc. 157) is **DENIED**.

   **IT IS FURTHER ORDERED** that Defendant's Motion to Amend Exhibit List (Doc. 155) is **DENIED.**

   **IT IS FURTHER ORDERED** that Defendant's Motion in Limine No. 19 (Doc. 115) is **DENIED.**

                       */s/ Shirley Padmore Mensah*
                       SHIRLEY PADMORE MENSAH
                       UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2022.