**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CAROLINE VEMULAPALLI,           )
                                )
        Plaintiff,              )
                                )
    v.                          )        Case No. 4:20-CV-120-SPM
                                )
TARGET CORPORATION,             )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Entry of Judgment for Taxable Costs Pursuant to F.R.C.P. 68. (Doc. 194). Plaintiff has filed objections (Doc. 197), and Defendant has filed a response to those objections (Doc. 199). For the reasons stated below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

On March 25, 2021, pursuant to Federal Rule of Civil Procedure 68, Defendant served an Offer of Judgment on Plaintiff for the amount of $15,000. (Doc. 72). Plaintiff did not respond to the offer, and the offer expired on April 8, 2021. Under Rule 68(d), "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). On March 2, 2022, following a jury trial, the Court entered judgment in Plaintiff's favor in the amount of $4,500. (Doc. 193).

Because the judgment Plaintiff obtained was not more favorable than the $15,000 offer made to Plaintiff on March 25, 2021, Plaintiff must pay the costs incurred after that date. In the instant motion, Defendant seeks $19,268.35 in costs incurred after March 25, 2021. Defendant attaches invoices and other documents to support its request. Plaintiff does not dispute that

Defendant is entitled to some costs, but argues that Defendant is entitled to only $1,869.00.

## II.   DISCUSSION

Although the parties do not cite any cases specifically addressing what "costs" may be awarded under Rule 68(d), they appear to assume that the costs that may be taxed in this case are those set forth in 28 U.S.C. § 1920. This assumption appears to be well founded. The Supreme Court recently emphasized that 28 U.S.C. §§ 1821 and 1920 provide the default rules for what a federal court may award as "costs" in the absence of an explicit statutory instruction to the contrary:

> In the general "costs" statute, codified at §§ 1821 and 1920 of Title 28, Congress has specified six categories of litigation expenses that a federal court may award as "costs," and Congress has detailed how to calculate the amount of certain costs. Sections 1821 and 1920 in essence define what the term "costs" encompasses in the subject-specific federal statutes that provide for an award of costs.

> Sections 1821 and 1920 create a default rule and establish a clear baseline against which Congress may legislate. Consistent with that default rule, some federal statutes simply refer to "costs." In those cases, federal courts are limited to awarding the costs specified in §§ 1821 and 1920. If, for particular kinds of cases, Congress wants to authorize awards of expenses beyond the six categories specified in the general costs statute, Congress may do so. For example, some federal statutes go beyond §§ 1821 and 1920 to expressly provide for the award of expert witness fees or attorney's fees.

*Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019) (footnote omitted). In the instant action, neither party suggests that any federal rule or statute authorizes an award of "costs" beyond those recoverable under these statutes. Thus, the Court finds that 28 U.S.C. § 1920 and 1821 govern the costs recoverable in this case. *See Doucette v. Panera, Inc.*, No. CV 2004-10960-RBC, 2006 WL 8458102, at *1-*2 (D. Mass. Mar. 23, 2006) ("Courts that have addressed the question have concluded that, generally speaking, those costs subject to the cost-shifting provisions of Rule 68 are limited to those enumerated in 28 U.S.C. § 1920."); *Hedru v. Metro-N. Commuter R.R.*, 433

F. Supp. 2d 358, 360 (S.D.N.Y. 2006) ("Rule 68 'costs' are 'defined in the same way costs are customarily defined; the rule does not provide an independent warrant for recovery of other costs.' For that reason, the costs included in Rule 68 do not include any cost not authorized under Rule 54(b). Costs awardable under the Rule should be based on 28 U.S.C. § 1920.") (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* § 3006 at 121)).

Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28  U.S.C. § 1920. Section 1821 provides, in relevant part, as follows:

(a)(1)    Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section. . . .

(b)     A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821.

As the Supreme Court has recognized, "Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," and "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 573  (2012) (internal quotation marks omitted). The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation marks omitted). Additionally, "upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs." *Golan v. Veritas Ent., LLC*, No. 4:14-CV-00069 ERW, 2017 WL 5564538, at *1 (E.D. Mo. Nov. 20, 2017) (citing *Pershern v. Fiatallis N. Am., Inc*., 834 F.2d 136, 140 (8th Cir. 1987)). "District courts have broad discretion over the award of costs to a prevailing party under § 1920." *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). However, "[w]hen an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 462, 468 (3rd Cir. 2000)). The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id.* (quoting *In re Paoli*, 221 F.3d at 462–63).

### A.  Undisputed costs

Plaintiff does not dispute the following costs sought by Defendants: $30.37 for copies of medical records (Def.'s Ex. C); $152.25 for deposition printing services (Def.'s Ex. D); $35.00 for Dr. Mariam Malik's witness fee (Def.'s Ex. F); $5.27 for travel costs for Dr. Malik; $35.00 for Vickie Carll's witness fee (Def.'s Ex. H); $43.29 for travel costs for Ms. Carle; and $23.40 for travel costs for Dr. Mahesh Bagwe. The Court finds that these undisputed costs are taxable under

§ 1920 and will be awarded to Defendants.

### B.  Disputed costs

#### 1.  *Service Fees (Def.'s Ex. B)*

Defendant seeks to recover $88 in "fees for service of summons and subpoena," Def.'s Ex. A, and attaches a billing statement from a special process server, Def.'s Ex. B. Plaintiff objects, arguing that costs for use of a special process server are not taxable under § 1920 or Eighth Circuit case law. The Court agrees with Plaintiff. The Eighth Circuit has held that under § 1920, a party may not recover the costs of using a special process server. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). *See also*, *e.g., BMO Harris Bank N.A. v. Gorban Transp. Inc.*, No. 4:20-CV-00758-SRC, 2021 WL 5279571, at *1 (E.D. Mo. Nov. 12, 2021) (citing *Crues* and denying request for fees for service of summons and subpoena where the party used a special process server);  *Steak N Shake Inc. v. White,* No. 4:18-CV-00072-SRC, 2021 WL 4847954, at *3 (E.D. Mo. Oct. 18, 2021) (citing *Crues* and denying request for costs of using a special process server). Defendant relies on out-of-circuit cases reaching other conclusions, but this Court is bound by the Eighth Circuit's decision in *Crues*. Defendant is thus not entitled to taxation of this fee.

#### 2.  *Printing Costs (Def.'s Ex. E)*

In addition to the undisputed printing costs ($30.37 for copies of medical records and $152.25 for deposition printing services), Defendant requests $1,034.11 in printing costs in Exhibit E, and it provides an itemized list of the documents printed. Plaintiff objects to this request in part, arguing that printing costs for depositions taken prior to the offer of judgment should be subtracted from the total, reducing the costs to $811.41. Defendant argues that even though the depositions were taken prior to the offer of judgment, they were only *copied* after the offer of judgment, in the weeks leading up to the trial, because they were necessary for use in the case and were used during

witness testimony.

Section 1920 permits taxation of "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case," § 1920(2), and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." § 1920(4). After review, the Court finds that these copies were made after the offer of judgment, were necessarily obtained for use in this case, and thus are taxable under § 1920. The Court will therefore tax the full $1,034.11 in printing costs sought in Exhibit E in addition to the undisputed printing costs, for a total of $1,216.73.

### 3. Expert Witness Fees (Def.'s Ex. G, Ex. I)

The parties' most significant dispute is over the amount of expert witness fees Defendant should be able to recover as costs. In addition to the undisputed witness travel fees and $35 witness fees discussed above, Defendant seeks to recover the $10,000 it paid to Dr. Bagwe for trial testimony and the $1,610.00 it paid to Dr. Malik for trial testimony. Defendant relies on *Wilmington v. JI Case Company*, 793 F.2d 909 (8th Cir. 1986), and on a dissent written by Justice Marshall in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Plaintiff, on the other hand, appears to argue that the witness fees should be based on the average hourly rates charged by similar experts, multiplied by the time spent in this case. Plaintiff cites no legal authority for using this approach.

Both parties' arguments miss the mark. In *Crawford*, the Supreme Court held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." 482 U.S. at 439.[1] This rule has been consistently followed since *Crawford*. *See* Charles Alan Wright,

---

[1] Plaintiff cites *Crawford* multiple times in her brief, and it is unclear why she does not argue for

Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2678 (4th ed.) ("Despite a few early decisions to the contrary, it seems well settled that a party's expert witnesses are entitled only to the regular statutory witness fees allowed by Section 1821 . . . . ") (footnotes omitted); *Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019) (citing *Crawford* and affirming the district court's decision not to award expert witness fees as costs; noting that the substantive statute governing the claim at issue "does not explicitly authorize the taxation of the expert witness fees as costs, and neither § 1821 nor § 1920 allows them"); *Steak N Shake Inc.*, 2021 WL 4847954, at *3 ("The Court has no authority whatsoever to award the thousands of dollars in expert witness fees Steak N Shake seeks. The Supreme Court has held 'that a federal court may tax expert witness fess in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed.' The expert witnesses in this case were not appointed by the Court, so the Court reduces the costs sought for the depositions of [the expert witnesses] to $40 plus mileage.") (quoting *Crawford Fitting Co.*, 482 U.S. at 442); *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 778-79 (W.D. Ark. 2018) ("Defendant has not pointed the Court to any statutory authority allowing it to recover the $800.00 deposition fee it paid to Mr. Johnston, and the Court is unaware of any such authority. Therefore, the Court finds that it cannot award expert witness fees in an amount that exceeds the $40.00 per day limit (plus travel mileage) that was awarded above."); *Ekstam v. Ekstam*, No. 4:04-CV-00187 AGF, 2007 WL 4565024, at *3 (E.D. Mo. Dec. 20, 2007) (holding that Defendants were not entitled to recover $1,650 for a one-day attendance fee of an expert witness; relying on *Crawford*, § 1821, and § 1920 and allowing an attendance fee of $40).

Defendant offers no statutory or contractual basis for recovery of expert witness fees in excess of those authorized by § 1920 and § 1821. The Court will therefore tax $40 for Dr. Bagwe's

---

a $40 per witness limit here.

fee and will tax an additional $5 for Dr. Malik (to be added to the $35 witness fee discussed above). When added to the undisputed witness-related fees, this produces a total taxable cost for witness fees of $186.96.

### 4. *Trial Services Provided by Arndt Reporting & Legal Video (Def.'s Ex. J, Ex. L)*

Finally, Defendant seeks taxation of $6,211.66 for "trial services," relying on an invoice from Arndt Reporting & Legal Video. The invoice lists the following costs: $764.41 for "FedEx office charges" on February 17, 2022; $735.00 for "Copying and scanning documents"; $320 for "In-court trial technology meeting"; $52.50 for "Pretrial prep"; $4,160 for "In-court trial tech"; $105.00 for "Exhibit prep"; $49.10 for "Food and beverage for client"; and $25.65 for "Parking." Defendant also submitted several individual FedEx receipts showing the number of pages copied or scanned on February 17. Plaintiff objects to all of these costs, arguing that they are the types of expenses not taxable under the statute and/or that Defendant has failed to provide information regarding the nature and purpose of each cost sought.

#### a.  Arndt In-Court Trial Tech Expenses

The Court first considers the $4,160 for "In-court trial tech." Defendant states that both parties used the Arndt audio-visual system technology to present exhibits to the jury, that the visual presentation of the Plaintiff-supplied radiographs was enhanced through the use of full-resolution images made possible by this technology, and that the use of such technology was necessary and was a factor in allowing the trial to proceed efficiently. The Court finds this cost not taxable under § 1920. This is not a cost mentioned in the statute, nor does Defendant attempt to argue that it falls into any particular category set forth in the statute. The Court agrees with other courts in this district that such costs are not taxable. *See Behlman v. Century Sur. Co.*, No. 4:12-CV-1567 JAR, 2014 WL 2930658, at *1 (E.D. Mo. June 27, 2014) ("Section 1920 does not provide for the Court

to tax costs for a trial technician. Therefore, the Court denies the taxation of costs for a trial technician.") (internal citation omitted), *aff'd sub nom. Behlmann v. Century Sur. Co.*, 794 F.3d 960 (8th Cir. 2015); *Bayes v. Biomet, Inc.*, No. 4:13-CV-00800 SRC, 2021 WL 3327633, at *11 (E.D. Mo. Aug. 2, 2021) ("Courts in this district have declined to award parties costs for employing third-party litigation specialists to present evidence or demonstratives at trial.").[2]

### b. Arndt Copying, Scanning, and Related Charges

The Court next considers the $764.41 for "FedEx office charges," for copying and scanning approximately 800 documents shortly before trial, and the $735.00 for "Copying and scanning documents," which Defendant states "include the time spent retrieving documents from the Defendant law firm, then disassembling, scanning, creating copies, and reassembling the approximately 800 pages of documents into the multiple binders." Def.'s Resp., Doc. 199, at 6. Defendant does not state what specific documents were scanned or copied.

As discussed above, "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable under § 1920. "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp.* 309 F.3d at 498. However, several photocopying costs are not taxable under § 1920(4):

---

[2] In the alternative, to the extent that some or all of these costs might arguably constitute "[f]ees for exemplification" under § 1920(4), the Court finds that the use of this trial technology was not "necessary" and should not be taxed. *See Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F. Supp. 3d 1071, 1087 (E.D. Mo. 2015) (holding that the cost of a technical litigation support specialist who manipulated, highlighted, and enlarged the exhibits throughout the course of the trial was not "necessary" within the meaning of § 1920 and was not taxable; noting that "counsel could have presented their case, as many attorneys trying cases before this Court have historically done, through the use of PowerPoint or the courtroom electronic display system rather than hiring a third party vendor.").

> [P]laintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case.

*Emmenegger v. Bull Moose Tube Co.,* 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (internal quotations omitted). *Accord Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1095-96 (E.D. Mo. 2014). "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *Transamerica Life Ins. Co., v. Lambert*, No. 4:12–CV–1253 CAS, 2013 WL 328792, at *5 (E.D. Mo. Jan. 29, 2013) (citing *Yaris v. Special Sch. Dist. of St. Louis Cnty.*, 604 F. Supp. 914, 915 (E.D. Mo. 1985)). Courts may exercise discretion to deny copying costs if it is "impossible to tell to what extent copies charged . . . were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." *Dunn v. Nexgrill Indus., Inc.*, No. 4:07–CV–01875 JCH, 2011 WL 1060943, at * 1 (E.D. Mo. Mar. 21, 2011) (internal quotation omitted).

After review, the Court finds that it is impossible to determine the extent to which these materials were necessarily obtained for use in the case, rather than for the convenience of counsel or for some other reason. Defendant does not argue that they fall into any specific category of taxable costs under § 1920. Moreover, the Court notes that Defendants have already been awarded expenses for printing and/or copying of several thousand pages of "trial documents," including, for example, three copies of a 453-page document that appears to contain trial exhibits. *See* Def.'s Ex. E. In the absence of any additional information, the Court cannot determine the purpose for which these copies and scans were made, and cannot find that these expenses were necessary. Thus, the Court therefore finds them not taxable. *See, e.g., Bayes v. Biomet, Inc.*, No. 4:13-CV-00800 SRC, 2021 WL 3327633, at *7 (E.D. Mo. Aug. 2, 2021) (denying a plaintiff's request for

photocopying costs because "[b]ased on the information provided by Plaintiffs, the Court cannot meaningfully evaluate their request").

### c.  Miscellaneous Arndt Expenses

Finally, the Court considers the $320 for "In-court trial technology meeting," the $52.50 for "Pretrial prep," the $105 for "Exhibit prep," the $49.10 for "Food and beverage for client"; and the $25.65 for "Parking." These types of costs are not mentioned in § 1920, and Defendant makes no argument as to which category of costs mentioned in § 1920 they could fall into. Thus, the Court finds these costs are not taxable.

In sum, the Court finds that none of the costs of trial services provided by Arndt Reporting & Legal Video are taxable.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Entry of Judgment for Taxable Costs Pursuant to F.R.C.P. 68 (Doc. 194) is **GRANTED IN PART and DENIED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of Defendant Target Corporation, and against Plaintiff Caroline Vemulapalli:

| Cost | Amount to be taxed |
|---|---|
| Fees for service of summons and subpoena | $0.00 |
| Fees and disbursements for printing | $1,216.73 |
| Fees for witnesses | $186.96 |
| Other costs | $0 |
| Total | $1,403.69 |

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2022.